NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WATERFALL VICTORIA MORTGAGE TRUST 2010-SBCI REO LLC,  *Plaintiff*,  v.  YOLANDA ALBANES AND VICTOR ALBANES,  *Defendants*. | Civil Action No. 16-4751  **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the Motion to Dismiss the Notice of Removal, which would result in a remand, filed by Plaintiff Waterfall Victoria Mortgage Trust 2010-SBCI REO LLC ("Waterfall"). D.E. 3. Defendants Yolanda and Victor Albanes filed a brief opposing the motion to which Plaintiff replied. D.E. 6, 7. The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED** and this matter is remanded to state court.

I. **FACTS AND PROCEDURAL BACKGROUND**

Plaintiff seeks to dismiss the notice of removal filed by *pro se* Defendants Victor and Yolanda Albanes,[1] thereby remanding the matter to state court.[2] On August 27, 1998, Yolanda Albanes obtained title to 128 First Street in Elizabeth, New Jersey (the "property"). *See* Notice of Removal App. A at 2, D.E. 1. Defendants mortgaged the property but later defaulted on their mortgage payments. On May 22, 2015, the Superior Court of New Jersey issued a Writ of Execution commanding the Sheriff of Union County to make a sale on the property and use the proceeds to satisfy the principal and interest secured by the mortgage. *Id.* App. B at 14-18. On May 18, 2016, Waterfall obtained title to the property pursuant to a deed from the Union County Sheriff's Office. *Id.* at 12-13.

Waterfall filed a Verified Complaint (the "Complaint") on July 25, 2016, which commenced an ejectment proceeding in the Superior Court of New Jersey to remove Defendants from the Property pursuant to N.J.S.A. § 2A:35-1 (the "State Court Ejectment Proceeding"). *Id.* at 4-11. Defendants failed to file any response to the Complaint. On August 8, 2016, the Superior Court of New Jersey entered an order granting Waterfall's request for ejectment, ordering that Waterfall immediately recover possession of the property from Defendants. Plf's Br. Ex. A.

The same day, Defendants filed their Notice of Removal, removing the State Court Ejectment Proceeding to this Court based on an alleged violation of Section 3 of the Civil Rights

---

[1] Defendants contend that as unrepresented litigants their pleadings should be construed by "less stringent standards." Defs' Opp. Br. at 2, D.E. 6 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Because Defendants are proceeding *pro se*, the Court will construe their pleadings liberally. *Haines*, 404 U.S. at 520. "The Court need not, however, credit a *pro se* [litigant's] 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

[2] While not specifically stated, the Court considers Plaintiff's motion as one for remand pursuant to 28 U.S.C. § 1447, which provides that a court must remand a case when "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

2

Act of 1866. Defendants contend that due to an anticipated civil rights complaint, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal at 1. On August 17, 2016, Waterfall filed this motion arguing that Defendants presented no basis for federal question jurisdiction, and therefore, the notice of removal should be dismissed. D.E. 3. On September 12, 2016, Defendants filed an opposition brief asserting that the motion should be denied because (1) this Court has subject matter jurisdiction over the State Court Ejectment Proceeding pursuant to an anticipated Civil Rights Act complaint, (2) there is diversity jurisdiction over the State Court Ejectment Proceeding, (3) there is an unconditional right of removal under the Civil Rights Act of 1866, and (4) Waterfall violated the *Accardi* Doctrine. *See* Defs' Opp. Br., D.E. 6.

## II.   LAW AND ANALYSIS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court . . . where such action is pending." 28 U.S.C. § 1441(a). Removal statutes, however, "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citation omitted). Moreover, a defendant, as the party asserting federal jurisdiction in a removal action, "carries a heavy burden of showing that at all stages of litigation the case is properly before the federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)).

### A. Federal Question Jurisdiction

Waterfall argues that "Defendants have not presented any federal basis for [f]ederal [q]uestion jurisdiction," therefore, this case is not removable. Plf's Br. at 2. Defendants counter

that the Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, due to a third-party federal civil rights complaint "in the process of being filed in this case." Defs' Opp. Br. at 3.

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. "Under the 'well-pleaded complaint' rule, federal jurisdiction is lacking unless a federal question appears on the face of a properly pleaded complaint; a federal defense does not confer subject matter jurisdiction." *In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999). Waterfall's complaint establishes that the State Court Ejectment Proceeding was brought under N.J.S.A. § 2A:35-1, *et seq*. Notice of Removal App. B at 5. No federal question appears on the face of the complaint. The fact that Defendants may seek to file a third-party complaint that will presumably assert an alleged violation of the Civil Rights Act of 1866 is insufficient to bring this matter within the Court's jurisdiction. *See, e.g., Monmouth-Ocean Collection Serv., Inc. v. Klor*, 46 F. Supp. 2d 385, 395 (D.N.J. 1999) (determining that third-party could not remove matter based on federal question asserted in the third-party complaint). Thus, the 'well-pleaded complaint' rule is not satisfied and this Court lacks federal question jurisdiction.[3]

---

[3] Defendants maintain that they have an "unconditional right to remove the action . . . [p]ursuant to Section 3 of the Civil Rights Act of 1866." Defs.' Opp Br. at 3. But as discussed, Defendants have not yet presented the Court with a civil rights claim. Even if there was a civil rights claim before the Court, there is not an unconditional right to removal. 28 U.S.C. § 1443(1) "is a direct descendant" of the removal provision of the Civil Rights Act of 1866. *State of Georgia v. Rachel*, 384 U.S. 780, 786 (1966). The language of the Civil Rights Act of 1866, however, has not been interpreted to include an unconditional right to removal. Instead, a party removing an action pursuant to this exception must satisfy the two-part test set forth in *State of Georgia v. Rachel*. *See Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997). A state court party must first establish that he is being deprived of rights guaranteed by federal law providing for equal civil rights. Moreover, the deprived rights must be "specific civil rights stated in terms of racial equality." *Id*. Second, the removal notice must demonstrate that defendant has been "denied or cannot enforce" his rights in state court. *Id*. In this instance, the two-part test is not satisfied. While Defendants' Notice of

4

Defendants further contend that Waterfall artfully pled a federal Civil Rights Act claim as a state law claim. Notice of Removal at 4. Under the "artful pleading" doctrine, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Goepel v. Nat'l Postal Mail Handlers Union, a Div. of LIUNA*, 36 F.3d 306, 310 (3d Cir. 1994) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)). However, here, Defendants seek to "justify removal on the basis of facts not alleged in the complaint," making the artful pleading doctrine inapplicable. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 397 (1987). Further, Waterfall brings a cause of action under New Jersey law, which entitles a person "claiming the right of possession of real property in the possession of another . . . to have his rights determined in an action in the Superior Court." N.J.S.A. 2A:35-1. Rightful possession of real property is akin to a landlord-tenant issue, which has been deemed to be outside the scope of removal to district courts. *See Groves v. Wilson*, 404 F. App'x 705, 707 (3d Cir. 2010) (stating that the district court lacked subject matter jurisdiction over the substance of such landlord-tenant claims). The Court does not find that Waterfall attempted to disguise any federal cause of action in its state complaint. Instead, Waterfall brought a state law action in state court. Thus, the "artful pleading" doctrine is not applicable to this case.

### B. Diversity Jurisdiction

Defendants also argue that this Court has diversity jurisdiction. Defs' Opp. Br. at 5. Federal courts have diversity jurisdiction over actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Defendants are

---

Removal states that Waterfall violated the Civil Rights Act of 1866, they do not provide any facts indicating that Defendants faced racial inequality during their eviction proceedings or that they could not vindicate any deprivation of civil rights in the state court proceeding. *See, e.g., DB50 2011-1*, 2016 WL 344525, at *4 (concluding that defendant failed to point to any civil rights violation during eviction proceedings that would necessitate removal under § 1443(1)). Consequently, § 1443(1) does not provide a basis upon which Defendants can remove this matter.

5

domiciled in New Jersey and Waterfall merely states that it is a Delaware entity. Plf's Reply at 2. When a trust or limited liability company brings suit, a court looks to the citizenship of its members to determine citizenship for diversity jurisdiction purposes. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("The citizenship of an LLC is determined by the citizenship of its members"); *Emerald Inv'rs Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 201 (3d Cir. 2007) ("[B]ecause artificial entities, unlike corporations, are not citizens under 28 U.S.C. § 1332, diversity jurisdiction by or against an artificial entity depends on the citizenship of all the members." (citation and internal quotation marks omitted). Defendants, however, fail to establish the citizenship of any of Waterfall's members such that the Court could ascertain whether diversity jurisdiction exists. Defendants, therefore, cannot remove this matter on the basis of diversity jurisdiction. *See, e.g., Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 467 (D.N.J. 2012) (dismissing case for lack of subject matter jurisdiction due to insufficient information to determine each party's citizenship); *DB50 2011-1 Trust v. Mastoris*, No. 15-5726, 2016 WL 344525, at *5 (D.N.J. Jan. 27, 2016) (remanding matter because defendant failed to establish the citizenship of plaintiff and that complete diversity existed between the parties).

### C. The *Accardi* Doctrine

Finally, Defendants invoked the *Accardi* doctrine in response to Plaintiff's motion. Defs' Opp. Br. at 1. The *Accardi* doctrine provides that agencies are bound by their regulations. *See Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 389 (3d Cir. 2001) (citing *United States ex rel Accardi*

*v. Shaughnessy*, 347 U.S. 260 (1954)). Waterfall, however, is a private entity, not a federal agency.[4] Therefore, the *Accardi* doctrine is inapplicable.[5]

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Dismiss the Notice of Removal is **GRANTED**. Because the Court lacks subject matter jurisdiction over this matter it will be remanded to the Superior Court of New Jersey. An appropriate Order accompanies this Opinion.

Dated: March 8, 2017

John Michael Vazquez, U.S.D.J.

---

[4] "Federal agency" is defined as "a department or other instrumentality of the executive branch of the federal government, including a government corporation and the Government Printing Office." Black's Law Dictionary (10th ed. 2014).

[5] Defendants also argue that they have an unconditional right to intervene under a federal statute pursuant to Fed. R. Civ. P. 24(a)(1). Defs' Opp. at 4. Intervention provides a non-party with the right to be involved in pending litigation. *See, e.g.*, *Shipyard Assocs., L.P. v. City of Hoboken*, No. 14-1145, 2014 WL 6685467, at *2 (D.N.J. Nov. 26, 2014). Defendants are already a party to this suit and cannot assert that they are now a third party seeking to intervene. *Id.* Thus, intervention is inapplicable.